# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MALCOM WILLIAMS** | * | |
| | * | |
| **VERSUS** | * | **CIVIL ACTION NO.: 1:22-cv-779** |
| | * | |
| **SHERIFF MARK WOOD IN HIS** | * | **JURY TRIAL DEMANDED** |
| **OFFICIAL CAPACITY AS SHERIFF** | * | |
| **OF RAPIDES PARISH; RAPIDES** | * | |
| **PARISH POLICE JURY;** | * | |
| **WARDEN MATT DAUZAT;** | * | |
| **JOHN DOE #1;JOHN DOE #2; JOHN** | * | |
| **DOE #3; JOHN DOE #4; JOHN DOE #4;** | * | |
| **ABC INSURANCE COMPANY** | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT WITH JURY DEMAND

**NOW INTO COURT**, through undersigned counsel, comes Petitioner, Mr. Malcom Williams, a person of the full age of majority and domiciled in Rapides Parish, State of Louisiana, who respectfully represents the following:

1.

Made Defendants herein are the following:

a) RAPIDES PARISH POLICE JURY (hereinafter "Parish") is a political entity capable of suing and being sued. The PARISH is the entity responsible for funding operations of the Rapides Detention Center 1 (hereinafter "RDC1"). The Parish negotiates, approves, and funds all operations of the RDC1;

b) SHERIFF MARK WOOD, was at all times relevant to this complaint the Sheriff of Rapides Parish Sheriff's Office (hereinafter "RPSO") a person of full age of majority domiciled in Rapides Parish. He is sued in his official capacity;

c) MATT DAUZAT, was at all times relevant to this complaint the warden of the RDC1, a person of full age of majority and a resident of Louisiana. He is sued in his individual and official capacities;

d) RYAN LEWIS, was at all times relevant to this complaint an officers of RPSO at Rapides Detention Center 1, and is, upon information and belief, a person of full age and of majority, domiciled in Louisiana. He is sued in his individual capacity;

e) JOHN DOE #1, was at all times relevant to this complaint an officers of RPSO at Rapides Detention Center 1, and is, upon information and belief, a person of full age and of majority, domiciled in Louisiana. He is sued in his individual capacity;

f) JOHN DOE #2, was at all times relevant to this complaint an officers of RPSO at Rapides Detention Center 1, and is, upon information and belief, a person of full age and of majority, domiciled in Louisiana. He is sued in his individual capacity;

g) JOHN DOE #3, was at all times relevant to this complaint an officers of RPSO at Rapides Detention Center 1, and is, upon information and belief, a person of full age and of majority, domiciled in Louisiana. He is sued in his individual capacity;

h) JOHN DOE #4, was at all times relevant to this complaint an officers of RPSO at Rapides Detention Center 1, and is, upon information and belief, a person of full age and of majority, domiciled in Louisiana. He is sued in his individual capacity;

i) ABC INSURANCE COMPANY, an insurance company authorized to do, and doing business in the State of Louisiana providing general liability coverage for Sheriff Wood, RPSO, RDC1, or any of its deputies, for any and all acts and damages occurring from this incident;

j) At all times relevant to this Complaint, all Defendants acted under the color of state law.

k) THIS COMPLAINT PUTS ON NOTICE ANY EXCESS POLICY COVERING SHERIFF WOOD OR ANY OF THE NAMED DEPUTY/OFFICER DEFENDANTS.

**JURISDICTION AND VENUE**

2.

The United States District Court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. 1983 and 28 U.S.C. 1331, 1343(a)(3), and 1367(a).

3.

The Western District of Louisiana is the appropriate venue to bring this Complaint, because the facts that give rise to Petitioner's claims all took place within the Western District of Louisiana.

**FACTUAL ALLEGATIONS SURROUNDING MARCH 22, 2021**

4.

At all times relevant to this Complaint, all of the Defendants conspired and acted in concert together to injure the Petitioner, and all of the Defendants are jointly, severally, and/or *in solido* liable to and responsible for the Petitioner's injuries and damages. Defendants John Doe #1-4 were all law enforcement at the Rapides Detention Center 1 who participating in the brutal beating of Mr. Williams, thereby causing him significant physical and mental injuries.

5.

On Friday March 19, 2021, Mr. Williams was wrongfully arrested and imprisoned at the Rapides Detention Center 1 on a warrant that had previously been dismissed. There was no legal basis to detain Mr. Williams from March 19, 2021 through March 22, 2021.

6.

On Monday, March 22, 2021 around 9:00 am, Mr. Williams peacefully and patiently stood at the intake station awaiting the return of his property before release. He relieved and happy that this ordeal was coming to a close.

7.

Because he was being released, Mr. Williams had offered his shoes to another incarcerated individual who he knew would be imprisoned longer and would need them.

8.

As Mr. Williams waited at the intake station, the older trustee working the desk struggled to locate Mr. Williams' name in the system and his belongings.

9.

Shortly thereafter, Ryan Lewis—an officer at Rapides Detention Center 1— walked up and began aggressively questioning Mr. Williams, ordering him against the wall.

10.

As Mr. Williams attempted to calmly explain to Deputy Lewis that he was being released, Deputy Lewis grabbed him from behind and violently slammed him against the ground. Deputy Lewis' actions directly caused Mr. Williams's head forcefully smash against the concrete.

11.

At that time, four more officers, John Does #1-4, joined in and repeatedly viciously beat and kicked Mr. Williams.

12.

Mr. Williams only has one hand, presently a uniquely low threat to any deputies. No weapons were found on Mr. Williams. Despite the fact that Mr. Williams has only one hand and continuously complied with the orders of Deputy Lewis and #1-4 to show his hand, they were unrelenting in their brutality.

13.

During this terrifying encounter, Mr. Williams went in and out of consciousness.

14.

Finally, the officer defendants stopped and subsequently brought Mr. Williams to a small room without a working toilet or phone.

15.

Even though Mr. Williams was vomiting blood and suffering from obvious injuries to his head and face, the only medical care he received was a visit from a nurse to bring him some water and an ice pack.

16.

Once he was eventually able to call his family, his sister went to the jail to obtain more information on what happened. When speaking with one of the correctional officers about the beating, the officer said, "It just be like that sometimes."

17.

With no one at RDC1 willing to offer any information, Mr. Williams's family began advocating on his behalf, including contacting the media to share what happened to Mr. Williams.

18.

Because of the attention his story was receiving, one of the officers threatened to re-book Mr. Williams instead of releasing him.

19.

Ultimately, the warden reviewed the surveillance video and released Mr. Williams in an effort to quell the controversy and misdeeds caused by him, his supervisees, and his institution.

20.

On March 31, 2021, Deputy Lewis was arrested for simple battery for the in-custody beating of Mr. Williams.

## CAUSES OF ACTION

### Count I

**Plaintiff v. Defendants Lewis, John Doe's #1-4**

**Federal Civil Rights Claims**

**Excessive Use of Force**

21.

The actions of Defendants Lewis and John Doe's #1-4, violated Mr. Williams's rights under the Fourth and Fourteenth Amendments to be free from the unlawful use of force when he was beaten while improperly being detained at the Rapides Parish Detention Center.

22.

Defendants Lewis, and John Doe #1-#4, while acting under the color of law, violated Plaintiff's Constitutional right under the Fourth and Fourteenth Amendments to be free the unlawful use of force.

23.

Defendant Dauzat did not immediately release Mr. Williams upon learning of this incident thereby violating Plaintiff's Constitutional right under the Fourth and Fourteenth Amendments to be free from the unlawful use of force.

24.

Upon information and belief, Defendant Wood and Defendant Dauzat condoned, permitted, encouraged, and/or ratified the RPSO and practices and customs challenged herein, which allowed Defendant Harper to disregard and violate Plaintiff's rights under the Fourth and Fourteenth Amendments to be free the unlawful use of force.

25.

The actions and/or inactions of Defendant Wood and Defendant Dauzat violated Plaintiff's Constitutional Rights under the Fourth and Fourteenth Amendments directly or proximately causing injuries and damages suffered by Mr. Williams by creations of or failure to correct unconstitutional policies, practices, patterns, and/or customs.

26.

The failure of Defendant Wood and Defendant Dauzat to train, monitor, supervise, and discipline RPSO officers to respect individuals' Fourth and Fourteenth Amendment rights amounts to deliberate indifference to the constitutional violations committed by Defendant Lewis and John Doe #1-#4 against individuals including Plaintiff.

27.

As a result of the above constitutionally impermissible conduct committed by Defendant Wood, Defendant Dauzat, Defendant Lewis, Defendant Wooley, and John Doe #1-#4, Mr. Williams has suffered damages including: (1) the loss of his liberty and freedom; (2) mental and emotional injury; (3) physical injury, pain and suffering; and (4) any other special and general damages and expenses, in an amount to be proven at trial.

**Count II**

**Plaintiff v. Defendants Wood, Dauzat, Lewis, John Doe's #1-4**

**Federal Civil Rights Claims**

**False Imprisonment**

28.

Rather than releasing Mr. Williams once the erroneous, previously withdrawn warrant was discovered, Defendants Dauzat, Lewis, and John Doe #1-#4 purposefully continued to detain him in a small room without adequate medical care.

29.

The cause of all injuries sustained by Mr. Williams occurred prior to any lawful process being issued by a judicial body authorizing his arrest.

30.

Defendants Lewis, and John Doe #1-#4, while acting under the color of law, violated Plaintiff's Constitutional right under the Fourth and Fourteenth Amendments to be free from the false arrest and false imprisonment.

31.

Defendant Dauzat did not immediately release Mr. Williams upon learning of this incident thereby violating Plaintiff's Constitutional right under the Fourth and Fourteenth Amendments to be free from the false arrest and false imprisonment.

32.

Upon information and belief, Defendant Wood and Defendant Dauzat condoned, permitted, encouraged, and/or ratified the SPSO and practices and customs challenged herein, which allowed Defendant Harper to disregard and violate Plaintiff's rights under the Fourth and Fourteenth Amendments to be free from false arrest and false imprisonment.

33.

The actions and/or inactions of Defendant Wood and Defendant Dauzat violated Plaintiff's Constitutional Rights under the Fourth and Fourteenth Amendments directly or proximately causing injuries and damages suffered by Mr. Williams by creations of or failure to correct unconstitutional policies, practices, patterns, and/or customs.

34.

The failure of Defendant Wood and Defendant Dauzat to train, monitor, supervise, and discipline RPSO officers to respect individuals' Fourth and Fourteenth Amendment rights amounts to deliberate indifference to the constitutional violations committed by Defendant Lewis and John Doe #1-#4 against individuals including Plaintiff.

35.

As a result of the above constitutionally impermissible conduct committed by Defendant Wood, Defendant Dauzat, Defendant Lewis, Defendant Wooley, and John Doe #1-#4, Mr. Williams has suffered damages including: (1) the loss of his liberty and freedom; (2) mental and emotional injury; (3) physical injury, pain and suffering; and (4) any other special and general damages and expenses, in an amount to be proven at trial.

**Count III**

**Plaintiff v. Defendants Wood, Dauzat, and Rapides Parish**

**Patterns, Practices and Behaviors**

36.

The actions or inactions of Defendants Wood, Dauzat, and Rapides Parish violated Mr. Williams's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution directly or proximately, causing Mr. Williams's injuries by creations of or failure to correct unconstitutional policies, practices, patterns, and/or customs.

37.

Publicly available reports indicate that Rapides Parish Sheriff / Rapides Parish have a history of unlawful conduct regarding the violation of civil rights of citizens who are in their custody at the Rapides Parish Detention Center, these include and are not limited to:

a) Lachney vs. Hilton 1:16-cv-01458-DDD-JPM in the Western District of Louisiana;

b) Smith vs. Wagner 1:12-cv-02099-DDD-JDK in the Western District of Louisiana;

c) Hauenstein v. Sheriff Department Rapides Parish 1:14-cv-03188-DDD-JPM in the Western District of Louisiana;

d) Arnold vs. Hilton 1:19-cv-00270-DDD-JPM in the Western District of Louisiana;

e) Mason vs. Rapides Parish Detention Center 1 1:20-CV-00525 in the Western District of Louisiana

## Count IV

## Plaintiff v. Defendants Wood, Dauzat, and Rapides Parish

## Failure to properly train, supervise, and discipline

38.

The violations of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, Plaintiff's damages, and/or the conduct of the individual Defendants were directly and proximately caused by the actions and/or inactions of the Defendants Wood, Dauzat, and Rapides Parish, which has encouraged, tolerated, ratified, and has been deliberately indifferent to the following policies, patterns, practices, and customs, and to the need for more or different training, supervision, investigation, or discipline in the areas of:

a. Use of force by police officers;

b. Police officers' duties and responsibilities to engage in proper investigative techniques;

c. The proper exercise of police powers, including not limited to the making of an arrest and the use of force;

d. The monitoring of deputies whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

e. The failure to identify and take remedial or disciplinary action against deputies who were the subject of prior civilian or internal complaints of misconduct;

g. Failing to retrain and/or otherwise control deputies who engage in excessive force and/or unjustified force against civilians;

h. Failing to follow appropriate policies and procedures to address and correct repeated use of excessive force;

i. Failing to investigate, or inadequately investigating complaints and allegations of excessive force and other misconduct by members its officers;

j. The hiring and retention of deputies who are unqualified for their employment positions;

k. RPSO Deputies use of their status as police officers to employ the use of force or to achieve ends not reasonably related to their law enforcement duties;

l. The failure of RPSO officers to follow established policies, procedures, directive, and instructions regarding arrests, use of force, and institution of criminal charges under such circumstances as presented by this case

m. The failure to properly sanction or discipline deputies who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other RPSO;

n. As a matter of both policy and practice Rapdies Parish and the RPSO facilitating this type of misconduct by failing to protect civilians from reckless indifference of Defendant's Parish's agents, servants, and employees in its Sheriff Department.

## Count V

## Defendants Wood, Dauzat, Lewis, John Doe #1-#4 and Rapides Parish

## State Law Claims

39.

The Plaintiffs allege that the Defendants are responsible and liable under Louisiana Code of Civil Procedure Articles 2315 and 2317, which requires that every act whatever man that causes damage obligates him by whose fault it is to repair it; and individuals are responsible not only for

damage occasioned by their own acts, but also for damage caused by acts of persons for whom the individual is answerable, or of the thing which the individual has in his custody.

40.

The actions and/or inactions of Defendants Lewis and John Doe #1-4, under the law of the State of Louisiana, constitute the torts of:

    a. Battery;

    b. Assault;

    c. Intentional Infliction of Emotional Distress

    d. Abuse of Process

    e. False Imprisonment

41.

Plaintiff alleges that Defendant Wood, Defendant Dauzat, and Defendant Parish are responsible and liable to him for the damages and injuries he has suffered as a result of the Defendants' actions and/or inactions pursuant to Louisiana Code of Civil Procedure Article 2315, which provides that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it"; Article 2316, which provides that "[e]very person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill"; Article 2317, which provides that "[w]e are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody"; and Article 2320, which provides that "[m]asters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed…responsibility

only attaches, when the masters or employers…might have prevented the act which caused the damage, and have not done it."

42.

The actions and/or inactions of Defendants Wood, Dauzat, and Rapides Parish, under the law of the State of Louisiana, constitute the torts of:

a. Battery;

b. Assault;

c. Intentional Infliction of Emotional Distress

d. Abuse of Process

e. False Imprisonment

f. Negligent Infliction of Emotional Distress;

g. Negligent Hiring;

h. Negligent Retention;

i. Negligent Supervision;

j. Abuse of Process.

## JURY TRIAL DEMAND

43.

The Plaintiffs request a trial by jury.

## PRAYER FOR RELIEF

44.

The Plaintiffs respectfully request:

a. Compensatory damages as to all Defendants;

b. Special Damages as to all Defendants;

c. Punitive damages as to all defendants sued in their individual capacities;

d. Reasonable attorneys' fees and costs as to all Defendants;

e. Such other and further relief as may appear just and appropriate

WHEREFORE, Malcolm Williams, prays that a copy of the above petition is served upon all of the Defendants named herein, and that after all proceedings a judgment is rendered in favor of Plaintiffs and against Defendants for all relief deemed equitable under the law including attorney's fees and costs.

RESPECTFULLY SUBMITTED:

/s/: *Christopher J. Murell*
CHRISTOPHER J. MURELL, T.A.
Louisiana Bar Number: 32075
2831 St. Claude Avenue
New Orleans, Louisiana 70117
(504) 717-1297 Telephone
chris@murell.law